UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00077-GNS-HBB

RAYMOND G. PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security DEFENDANT

**ORDER**

This matter is before the Court on Plaintiff's Objection (DN 21) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20).

## I. BACKGROUND

On December 28, 2021, Plaintiff Raymond G. ("Plaintiff") filed a Title II protective application for disability insurance benefits and a Title XVI protective application for supplemental security income. (Admin. R. 17, 274, 276-77, 278-84, DN 11). Plaintiff alleged that his disability began on December 31, 2018, due to a colon resection, atrial fibrillation, high blood pressure, irritable bowel syndrome ("IBS"), and depression. (Admin. R. 17, 93, 100, 107, 114, 330). The application was denied initially and again upon reconsideration. (Admin. R. 17, 126, 131, 139, 142). Plaintiff then requested and was granted a hearing with an Administrative Law Judge ("ALJ"). (Admin. R. 17, 146, 169).

Following the hearing, the ALJ issued a written decision finding that Plaintiff was not under a disability from December 31, 2018, through the date of the ALJ's decision. (Admin. R. 17-29). After Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, the ALJ's decision became the final decision of the Commissioner of Social Security. (Admin. R. 1-3).

Plaintiff then filed this action appealing that decision. (Compl., DN 1). The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (R. & R. 1, DN 16). The Magistrate Judge filed a Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") in which it was recommended that the ALJ's decision be affirmed and judgment be entered for the Commissioner. (R. & R. 14). Plaintiff objected to the R. & R. (Pl.'s Obj. R. & R., DN 17 [hereinafter Pl.'s Obj.].

## II. STANDARD OF REVIEW

Upon timely objection to a Magistrate Judge's proposed finding of fact and recommendations for disposition produced under 28 U.S.C. § 636(b)(1), the Court is generally required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). There is an exception to this general rule, however, when an objection "merely incorporates portions of a [party]'s prior motion . . . ." *United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citation omitted). Such an objection does not rise to the level of a "'specific written objection[s] to the proposed findings and recommendations' as required by Rule 72(b)(2)." *Id.* (alteration in original) (citation omitted). "[A] reexamination of the exact same argument that was presented to the magistrate judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). When presented with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error. *Id.*; *accord Manigaulte v. C.W. Post of Long Island*

*Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (citation omitted)). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

In reviewing the administrative decision underlying a Magistrate Judge's report and recommendation, the Court must consider: "(1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'" *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213, at *2 (W.D. Ky. Aug. 22, 2022) (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion." *Id.* (internal citations omitted) (quoting *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011)).

## III. DISCUSSION

In his objection,[1] Plaintiff contends that the Magistrate Judge in determining that the ALJ had properly explained why his need for bathroom breaks were not included in the residual

[1] Plaintiff invites the Court to review the arguments raised to the Magistrate Judge. (Pl.'s Obj. 2). To the extent that Plaintiff intends to incorporate those same issues into his objection, the

functional capacity. (Pl.'s Obj. 2). He asserts that the Magistrate Judge "copied and pasted the ALJ's analysis of [] [Plaintiff's] subjective statements about his condition." (Pl.'s Obj. 2 (citing R. & R. 13).

The issue raised in the objection is the same issue raised in Plaintiff's brief. (Pl.'s Br. 7, DN 16 ("The ALJ failed to include any accommodation for frequent restroom breaks that would be required by Mr. Gullett during an 8-hour workday.")). Therefore, it was appropriate for the Magistrate Judge to focus on the ALJ's evaluation of Plaintiff's need for restroom break and how that evidence was considered in the ALJ's decision.

Plaintiff, however, mischaracterizes the lengthy analysis in the R. & R. (R. & R. 6-14). In reviewing the ALJ's summary of the evidence in the record at step four, the Magistrate Judge considered the analysis conducted by the ALJ, focusing on the evidence relating to Plaintiff's IBS. (R. & R. 9-14). The ALJ specifically considered Plaintiff's own testimony about his symptoms, including his need for frequent restroom breaks. (Admin. R. 23-24). The ALJ also examined the medical proof relating to Plaintiff's IBS and colon resection. (Admin. R. 24). Because there is substantial evidence in the record to support the ALJ's determination, the objection is overruled. *See Roush v. Barnhart*, 326 F. Supp. 3d 858, 864 (S.D. Ohio 2004) ("The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 21) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and

---

objection is improper and is only viewed for clear error. *See Manigaulte*, 659 F. Supp. 2d at 372 (citation omitted).

Recommendation (DN 20) is **ADOPTED**, and judgment is **GRANTED** for the Commissioner. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
August 14, 2026

cc: counsel of record